IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**The Security Title Guarantee**       :
**Corporation of Baltimore**
6 South Calvert Street                            :
Baltimore, MD 21202
                                                :

     **Plaintiff,**                                 :

v.                                                       :

**915 Decatur St NW, LLC**             :
35 Michigan Avenue, NE
Washington, DC 20001                        :

    Resident Agent:                      :
    Franklin Olaitan
    35 Michigan Avenue, NE          :
    Washington, DC 20001
                                                :

**Defendant.**

---

## COMPLAINT

---

The Plaintiff, The Security Title Guarantee Corporation of Baltimore ("Security Title"), by and through its attorneys, Mark W. Schweitzer, Aaron D. Neal, and McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., sues the defendant, 915 Decatur ST NW, LLC ("Decatur LLC") and says:

### Nature of the Action

1.    This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Security Title seeks a determination that is has no duty to defend or indemnify Decatur LLC under a title insurance policy underwritten by Security for claims asserted by Bridget B. Fordham ("Ms. Fordham") in her lawsuit against Decatur LLC.

## The Parties

2. Security Title is incorporated under the laws of the State of Maryland and its principal place of business is in Maryland. Security Title is an insurance company that is authorized to do business in the District of Columbia.

3. Decatur LLC is a limited liability company organized under the laws of the District of Columbia and its principal place of business is in the District of Columbia. Upon information and belief, Decatur LLC has one member, Franklin Olaitan, who resides in the District of Columbia.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

5. An actual justiciable controversy that is definite, substantial and concrete, between Security Title and Decatur LLC exists within the meaning of 28 U.S.C. § 2201 regarding whether Security Title has a duty to defend and or indemnify Decatur LLC for the claims made by Ms. Fordham in her lawsuit.

6. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs and this suit is between citizens of different states.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events giving rise to this claim occurred in this judicial district. Moreover, the defendant's principal place of business is in this judicial district.

**Facts**

8. On or about December 7, 2015, Sheridan Title, Inc. conducted a closing (the "Closing") for Decatur LLC's purchase of the real property and improvements commonly known as 2022 1st Street, NW, Washington, DC 20017, Lot 0008, Square 3116 (the "Property") from Ms. Fordham, the then record owner of the Property. See the Settlement Statement attached hereto as Exhibit A.

9. At the time of the Closing, Sheridan Title, Inc. was authorized to issue certain title insurance products underwritten by Security Title pursuant to the terms of a written agreement between Security Title and Sheridan Title, Inc.

10. A deed (the "First Deed") dated December 7, 2016, listing a consideration of $420,000.00, purports to transfer the Property from Ms. Fordham to Decatur LLC. A copy of the First Deed is attached as Exhibit B. The First Deed was recorded with the Recorder of Deeds of the District of Columbia on December 15, 2016 at 12:37 pm as Instrument No.: 2016130173.

11. Sheridan Title issued title insurance policy No.: B06207410 (the "Title Policy") in favor of Decatur LLC that is underwritten by Security Title. A copy of the Title Policy is attached as Exhibit C. Pursuant to the terms and conditions stated therein, the Title Insurance Policy provided certain insurance benefits to Decatur LLC for certain defects in the title to the Property.

12. Pursuant to a deed (the "Second Deed"), dated December 8, 2016, Decatur LLC sold and conveyed the Property to Claremont Management, LLC in exchange for the payment of $550,000.00. A copy of the Second Deed is attached as Exhibit D. The Second Deed was recorded with the Recorder of Deeds of the District of Columbia on December 15, 2016 at 12:39 pm as Instrument No.: 2016130180.

13. Decatur LLC no longer owns or possesses an interest in the Property.

14. On or about October 27, 2017 Ms. Fordham filed a verified Complaint in the Superior Court for the District of Columbia that was docketed as Case No.: 2017 CA 007297 (the "Lawsuit"). A copy of that Complaint is attached as Exhibit E.

15. Ms. Fordham's Complaint alleges, among other things, the following:

A. Decatur LLC and Claremont Management "engaged in a scheme to deprive Plaintiff [Ms. Fordham] of her Property. Defendants forged Plaintiff's name to a deed [the First Deed] and purported to transfer property from Plaintiff to" Decatur LLC. See Exhibit E, at ¶ 11.

B. "The deed [the First Deed] was dated December 7, 2016, and Plaintiff's name was forged." See Exhibit E, at ¶ 12.

C. "Before the [First] Deed was even recorded in the land records 915 Decatur St NW LLC purported to transfer the Property to Defendant Claremont Management LLC ... in a deed [the Second Deed] dated December 8, 2016." See Exhibit E, at ¶ 14.

D. "The two deeds were part of a scheme by which Defendants forged Plaintiff's signature and attempted to acquire the Property by Fraud." See Exhibit E, at ¶ 17.

E. "[A]ll three Defendants knew the documents were forged, and participated in the scheme." See Exhibit E, at ¶ 20.

F. "Their participation is evidenced by the concurrent recording of both deeds, and the strange transaction by which the same property 'sold' for $130,000 more on December 8, than it did on December 7th."

16.  Decatur LLC demanded benefits from Security Title under the Title Policy, which included a demand for a defense to the claims made by Ms. Fordham in her Lawsuit.

17.  To investigate the allegations made by Ms. Fordham, Security Title made certain requests of Decatur LLC. See the Letter from M. Schweitzer dated February 23, 2018 attached hereto as Exhibit F. Decatur LLC was requested to produce documents and appear for an examination under oath.

18.  On or about April 26, 2018, Security Title denied Decatur LLC's request for benefits under the Title Policy. See the Letter from Security Title dated April 26, 2018 attached hereto as Exhibit G.

19.  Security Title gave three reasons for its denial of coverage to Decatur LLC for the claims made by Ms. Fordham. Those reasons are as follows:

　　A.  The Title Policy does not provide coverage for defects created, suffered, assumed or agreed to by the insured claimant. See ¶ 3 of the exclusion section of the Title Policy, Exhibit C. This exclusion is applicable for a variety of facts including but not limited to the allegation that the "Defendants forged Plaintiff's name on a deed." The very defects for which Decatur LLC seek coverage were created by Decatur LLC.

　　B.  The Title Policy does not provide coverage after the insured sells the insured property. See ¶ 2 of the conditions section of the Title Policy, Exhibit C. Here Decatur LLC sold the Property as evidenced by the Second Deed. See Exhibit D.

　　C.  The Title Policy requires the insured to cooperate with the insurance company by doing such things as producing documents and appearing at an examination under oath. See ¶ 6 of the conditions section of the Title Policy, Exhibit C. Decatur LLC failed to cooperate with Security Title when Security Title sought to investigate the facts

and circumstances alleged by Ms. Fordham. Despite demand therefore, Decatur LLC failed to appear for an examination under oath. Despite demand therefore, Decatur LLC only produced 9 documents, despite the request for many other documents.

### Count I
(Declaratory Judgment)

20. Security Title incorporates by reference herein all of the other paragraphs of this pleading.

21. There is a genuine and bona fide dispute and an actual controversy and disagreement between Security Title and Decatur LLC regarding whether Security Title has a duty to defend and or indemnify Decatur for and against the claims asserted by Ms. Fordham in her Lawsuit.

22. Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Security Title requests that this Court declare the rights and legal relations of Security Title and Decatur LLC as they pertain to the claims asserted by Ms. Fordham in her Lawsuit.

23. Actual controversies of justiciable issues exist between the parties to this case within the jurisdiction of this Court involving the rights and liabilities of the parties.

24. Antagonistic claims are present between the parties and these claims indicate imminent and inevitable litigation. A declaratory judgment by this Court will terminate this controversy.

WHEREFORE, Security Title respectfully requests this Honorable Court to:

A. Declare that Security Title has no duty to defend or indemnify Decatur LLC in connection with the claims made by Ms. Fordham in her Lawsuit; and,

B. Grant Security Title such other and further relief that is deemed just and proper.

Respectfully submitted,

MCNAMEE, HOSEA, JERNIGAN,
KIM, GREENAN & LYNCH, P.A.


_____/s/_____
Mark W. Schweitzer (Bar No.: 451459)
mschweitzer@mhlawyers.com


_____/s/_____
Aaron D. Neal (Bar No.: 985292)
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
Tel.    301-441-2420
Fax    301-982-9450
aneal@mhlawyers.com

*Attorneys for The Security Title Guarantee
Corporation of Baltimore*

7