**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SECURITY TITLE GUARANTEE
CORPORATION OF BALTIMORE,

       Plaintiff,

    v.

915 DECATUR ST NW, LLC,

       Defendant.

Civil Action No. 18-1128 (CKK)

**MEMORANDUM OPINION**
(January 29, 2020)

Pending before the Court is counsel for Defendant's Motion to Withdraw Appearance ("Mot."), ECF No. 32. In the Motion, counsel explains that she seeks to withdraw as counsel for two main reasons. The first is that her client, 915 Decatur St. NW, LLC, "has not responded to counsel's recent" contact attempts, which "makes effective representation impossible." Mot. at 1. Second, she explains that "a conflict of interest occurred between Richard S. Sternberg (the attorney who originated the case at MWLC [where counsel works])" and her client, 915 Decatur St. She notes that the conflict's details "contain a client confidence and secret." *Id.*

In response to this Motion, the Court requested that counsel for Defendant provide additional information regarding her attempts to communicate with her client and the referenced conflict in an *in camera* and *ex parte* filing. *See* January 14, 2020 Order, ECF No. 33. Counsel for Defendant has now provided that information. *See* Additional Submission (Sealed), ECF No. 34. Moreover, Defendant still has not notified this Court of any objection to counsel's Motion. *See* LCvR 83.6 (requiring counsel seeking withdrawal to inform defendants that if they object to withdrawal, they must "notify the Clerk in writing within seven days of service of the motion"). Accordingly, in ruling on this Motion, this Court considers only counsel for Defendant's Motion

and Sealed Additional Submission. Upon consideration of those submissions, the relevant legal authorities, and the record as relevant to this Motion, the Court **GRANTS** her Motion to Withdraw Appearance.

When an attorney "agrees to undertake the representation of [a] client," that attorney is generally obligated to "see the work through to completion." *Poblete v. Rittenhouse Mortg. Brokers*, 675 F. Supp. 2d 130, 136 (D.D.C. 2009). That obligation, however, is not absolute, and under appropriate circumstances an attorney may seek to withdraw as a party's counsel of record. Where, as here, the party is not represented by another attorney and has not consented to the requested withdraw in writing, the attorney must seek the district court's leave to withdraw and must provide the party a specified form of notice when doing so. *See* LCvR 83.6(c). The decision of whether to grant leave to withdraw is committed to the sound discretion of the district court. *Poblete*, 675 F. Supp. 2d at 136. In exercising its discretion, the court may consider whether "the withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interest of justice." LCvR 83.6(d). A court may also consider "the length of time the case and dispositive motions have been pending, the time it would take for the unrepresented party to search for and secure new legal representation, and the degree of financial burden that counsel would suffer if the court required [counsel] to remain in the case." *Byrd v. District of Columbia*, 271 F. Supp. 2d 174, 176 (D.D.C. 2003).

Here, consideration of the relevant factors weighs in favor of allowing counsel for Defendant to withdraw. It is true that allowing counsel to withdraw may delay the case. However, it is unclear how much the case would be delayed. As the Court outlined in its December 11, 2019 Order, the major remaining issue between the parties is whether Plaintiff has a duty to indemnify Defendant in the underlying lawsuit in the District of Columbia Superior Court. *See* Dec. 11, 2019

Order, ECF No. 30.  The Court specified that the parties shall file a joint status report by no later than fourteen days after the conclusion of that litigation; in other words, there are no pressing issues currently in front of the Court, and there likely will not be any until the underlying litigation has concluded.  And as counsel for Defendant has withdrawn as counsel in the underlying litigation, that suit may have also been commensurately delayed.  As a result, any potential delay in this case is unlikely to be significant.

There would also be some prejudice to Defendant if counsel were to withdraw.  "It is well-established that '[a] corporation cannot represent itself and cannot appear *pro se*. It must be represented by counsel.'"  *Partridge v. Am. Hosp. Mgmt. Co., LLC*, 289 F. Supp. 3d 1, 25 (D.D.C. 2017) (quoting *Alexian Bros. Med. Ctr. v. Sebelius*, 63 F. Supp. 3d 105, 108 (D.D.C. 2014)).  Nor do this Court's Local Rules permit appointment of counsel to corporations in civil matters.  *See* LCvR 83.11(b)(3) (allowing appointment of counsel to only litigants who proceed *in forma pauperis*, a status denied to corporations).  The necessity for Defendant to seek new counsel might indeed prejudice Defendant.

However, any potential prejudice is heavily outweighed by other factors.  For one, counsel would have to continue representing Defendant although she has not been able to contact or communicate Defendant—or Defendant's principal, Frank Olaitan—for a long period of time.  Without being able to communicate with her client, it is unclear how counsel can effectively represent her client's interests or fulfill her ethical obligations as counsel.  She would also have to undertake this representation without any expectation of payment.  The Court also cannot overlook the potential conflict that counsel for Defendant described in her *ex parte* and *in camera* submission to this Court.  In short, it cannot be said that requiring counsel to continue representing Defendant would be in the interest of justice.

For the foregoing reasons, the Court **GRANTS** counsel for Defendant's Motion to Withdraw. As the Court explained above and in its prior Order, *see* January 14, 2019 Order, ECF No. 33, at 1–2, as a corporation, Defendant cannot represent itself in this case. Defendant shall therefore have thirty days to seek and secure new legal representation in this matter.

An appropriate Order accompanies this Memorandum Opinion. A copy of this Memorandum Opinion and the accompanying Order shall be mailed to Defendant at its address of record.

Date:   January 29, 2020

/s/

**COLLEEN KOLLAR-KOTELLY**
United States District Judge